**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MARIA DE LOS ANGELES GARCIA-QUEZADA,

    *Petitioner*,

v.

MATT ELLISTON, *et al.*,

    *Respondents.*

Case No. 26-cv-1727-ABA

**MEMORANDUM OPINION AND ORDER**

Petitioner Maria De Los Angeles Garcia-Quezada is a native and citizen of Nicaragua and no other country who has resided in Maryland since 2022 and has been granted withholding of removal under the Convention Against Torture. ECF No. 1 ¶ 12. On April 30, 2026, she was arrested at an ICE check-in and has been detained since then. *Id.* ¶ 15. She now petitions this Court for a Writ of Habeas Corpus, ECF No. 1, and requests that she be released from immigration detention and restored to her prior Order of Supervision. *Id.* at 7. For the reasons below, the Court will grant her Petition.

## I.    BACKGROUND

Petitioner Garcia-Quezada, who as noted above is a citizen of Nicaragua, has lived in the United States since January 2022. ECF No. 1 ¶ 12. Though she entered the country without inspection or legal status, she was granted withholding of removal under the Convention Against Torture ("CAT") by an immigration judge ("IJ") on November 7, 2024. *Id.* ¶¶ 12–13.  This protection prohibits her removal to Nicaragua, as the IJ found it more likely than not that she would face torture if returned there. *Id.* ¶ 13. She has since been released on an Order of Supervision ("OSUP") requiring her to comply with DHS conditions, including regular ICE check-ins. *Id.* ¶ 14. But at a recent

check-in, on April 30, 2026, she was taken into custody and believes that DHS intends to remove her to a third country, Mexico. *Id.* ¶¶ 15–16. On May 1, 2026, she filed this Petition, requesting that she be released and restored to her prior OSUP. *Id.* at 7.

## II.   DISCUSSION

### a.   Standard of Review

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2241. If a district court entertains a habeas petition, it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief. 28 U.S.C. § 2243.

### b.   *Zadvydas* Claim

The principal basis for Petitioner's petition is that there is no significant likelihood of her removal from the United States in the reasonably foreseeable future, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 ¶¶ 18–21. She contends that "Respondents have failed to establish that any third-country removal is actually likely to occur within the reasonably foreseeable future" for several reasons, including because she categorically cannot be removed to Nicaragua and Respondents have not formally designated another country for removal. ECF No. 9 at 2. And with respect to Respondents' statements in their brief in opposition to the petition that ICE "intends to remove Petitioner to Mexico," ECF No. 8 at 2, Petitioner specifically points out—and Respondents do not dispute—that no formal notice has designated Mexico for her third-country removal, she has been given no process to assert a fear-based claim with respect to removal to Mexico, and in any event Mexico has not agreed to accept her. ECF No. 9

at 2.

Respondents oppose the petition. They principally rest on arguments the government has asserted in other cases. ECF No. 8 at 1–2. As noted above, they do not submit any evidence in response to Petitioner's arguments, such as any notice that has been issued to Petitioner regarding a third-country removal, or any process that has been provided to her to assert any fear-based claim of removal to such a third country. Instead, in the body of their brief Respondents state that release is "not appropriate, as (i) Immigration Customs and Enforcement ("ICE") is authorized to detain and remove Petitioner under 8 U.S.C. § 1231(a)(6); (ii) ICE intends to remove Petitioner to Mexico in the reasonably foreseeable future; and (iii) Petitioner has received all processes she is entitled to under the law and pursuant to the *Accardi* doctrine." *Id.* at 2.

The Court agrees with Petitioner. Although the *Zadvydas* Court established a presumptively reasonable six-month period of detention, this Court has previously held that this "presumption is just that: a default, a starting point." *Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 374 (D. Md. 2025) (hereinafter, "*Cruz Medina I*"). During this initial six-month period, if a petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *see also Cruz Medina I*, 794 F. Supp. 3d. at 375–76.

Here, the Court finds that Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. She cannot be removed to her home country, Nicaragua, as she has been granted withholding of removal to that country. ECF No. 1 ¶ 19. She further alleges that she has not been provided actual notice of the Government's intent to

remove her to a third country, or with an opportunity to present her fear-based claims regarding removal to Mexico or any other third country. *Id.* ¶ 30. As this process is required for Petitioner to be removed to Mexico, these allegations provide sufficient reason to believe that she will not be removed in the reasonably foreseeable future, and she has therefore met her burden to demonstrate that her "detention 'is no longer authorized.'" *Cruz Medina I*, 794 F. Supp. 3d. at 376 (citing *Zadvydas*, 533 U.S. at 699).

Tellingly, Respondents offer no evidence to rebut Petitioner's claims. Rather than providing evidence that the Government has taken *any* steps to begin the removal process, Respondents offer only the conclusory statement that "ICE intends to remove Petitioner to Mexico in the reasonably foreseeable future." ECF No. 8 at 2. Respondents' failure to serve or file any notice of removal designating Mexico or provide her with an opportunity to assert a fear of being sent to Mexico demonstrate that these preliminary steps have not been taken here. The Court cannot rely only on conclusory statements, particularly where the filing of this basic evidence is routine in *habeas corpus* litigation.

The Court therefore finds that Petitioner has demonstrated that there is no likelihood of removal in the reasonably foreseeable future and will grant relief on this basis.

### c.    Procedural Safeguards

The Court will also address Petitioner's claim that she has not been provided the safeguards necessary before removal to a third country, including a fear interview and review by an IJ. ECF No. 1 ¶¶ 29–31. As Respondents conceded, "the factual and legal arguments presented in the instant *habeas* petition do not materially differ from those presented in many similar cases before this Court, including" *Cruz Medina v. Noem*, 806 F. Supp. 3d 536 (D. Md. 2025) (hereinafter, "*Cruz Medina II*").

Therefore, to the extent that Respondents may intend to remove Petitioner to Mexico, there is no evidence that she has been provided with the procedural safeguards necessary to do so. Adopting the reasoning of *Cruz Medina II*, if Respondents do later seek to remove her to a third country (including Mexico), she is entitled to proper notice, a fear screening, and review of any negative determination by an immigration judge if requested. *Cruz Medina II*, 806 F. Supp. 3d. at 549.

## III.    CONCLUSION AND ORDER

For the reasons explained above, the Court hereby ORDERS as follows:

1. Petitioner Maria De Los Angeles Garcia-Quezada's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

2. By **Thursday, July 16, 2026**, Respondents shall RELEASE Petitioner from detention;

3. Petitioner's release from detention shall be under the same conditions governing her previous release;

4. Within fourteen (14) days of this Order, the parties SHALL FILE a joint status report to update the Court on Petitioner's release from detention; and

5. The Court shall retain jurisdiction of this matter to enforce compliance with this Order.

Date:  July 10, 2026

_____/s/_____
Adam B. Abelson
United States District Judge